Justice Burkett is the third panelist and unfortunately had something that prevented his presence today. He has read the briefs, he's read the pre-hearing memorandum, and he will listen to the oral arguments before rendering his opinion in this case. Mr. Patel, you may proceed. May it please the Court. My name is Tanvi Patel and I am here on behalf of the petitioner of Loop Capital Financial Consulting Services. Petitioner respectfully requests that this Court reverse the trial tort and hold that a party's expert has standing to bring a fee petition under Section 508 of the Illinois Marriage and Dissolution of Marriage Act, the divorce petition. If we do that and remand it, doesn't the trial court then have to make a determination via an exercise of its discretion as to whether or not it wants to allow intervention? Yes, Your Honor. And when the trial court made the ruling which you're appealing, it was during a motion to reconsider, was it not? Yes, Your Honor. What happened on the first time around when the trial court denied the petition to intervene? Your Honor, the trial court the first time around, sua sponte, denied it and asked for further law on why an expert can bring a fee petition under 508. So at the rehearing, we presented exclusively about the divorce statute and why an expert can bring a fee petition, and the trial court When you say sua sponte denied it, do you mean before or after hearing arguments? Before hearing arguments. How do we know all that? It's in the briefing, in the appellate briefing, and it's based on the order. Even if we look at the motion for reconsideration, which is in the record, the petitioner laid out the additional argument on why the petitioner can recover under 508. But I mean, the order itself just says that the motion was presented, and it says petitioner's former expert's motion to intervene is denied. It wasn't dismissed because of a lack of standing. It was denied. Right. It was denied, and the court asked for a rehearing. That's not on the record, but there was then a rehearing, and in the rehearing, you can see that the court's order specifically addresses the divorce statute and says that an expert does not have standing to bring a fee petition under section 508. So neither of the orders by the judge mentioned the intervention statute because in this proceeding, the trial court did not believe she had power to hear a petition brought by an expert. Was this a conditional intervention or an unconditional intervention? Your Honor, the 508 confers both a conditional and an unconditional right. The intervention, the motion on it standing was framed as a motion to intervene, but we did not get into the specifics of that with the trial court. When you say 508, 508 gives an unconditional right to intervene? 508 provides a right to recover expert fees, as this court has held. 508 gives a right to recover costs, and this court in Winton held that expert costs cover expert fees. Right, but it's still up to the court whether the court wants to allow your client to intervene or not, is it not? It is. So 508... So that's the conditional then, not unconditional. We're not talking about something like the foreclosure law that if you have an interest in property that's being foreclosed upon, you have, according to the statute, I think it's 1501, you have the absolute right to intervene and become a party. Under the Revenue Code, if you hold a certificate of purchase, you have the unconditional right to become a party and intervene if that property is going to be destroyed. You're absolutely right, Your Honor. What 508 does say is that expert fees are recoverable. So what Petitioner is saying is that you do have an absolute right to bring this petition under 508. The amount that the court might award is absolutely discretionary. I'm not talking about the amount. I'm talking about allowing your client into the divorce case. Petitioner believes that, yes, 508, the divorce statute, gives an expert the right to seek recovery of these costs. You never sat in divorce court, did you? No. I did. And I'm telling you, if... There's so many things going on with custody and property and everything else, and now we're going to go off into contract or quantum merit actions between a party to a divorce case and somebody out there that has nothing to do with the court? I mean, I don't know many divorce judges in their discretion would allow an intervention in a situation like this if it is conditional, but you're saying it's unconditional. I am saying that the right to seek recovery of these fees is unconditional because these fees were incurred by a party of the dissolution in the process of the dissolution. Well, if I understand you correctly, then you do concede that if we agreed with your contention on appeal, that it would still have to go back and the trial court would have to exercise its discretion as to whether or not it was going to have a hearing on these fees. You're right, Your Honor. That is what would have to happen. But what the petitioner seeks here is a chance to present their motion, right? They weren't even able to explain the facts at issue here. And 508 was contemplated just for these kinds of proceedings. It gives the court the discretion if it's too complicated to turn the petitioner away, but the petitioner should still be able to present that petition because as complicated dissolution proceedings, I'm sure, are, that judge is the best situated, the most familiar with the proceedings, the parties, and all of the facts that have already come up in terms of custody and property disputes between the two parties. And instead, asking the petitioner to take this matter up in a separate court before a judge that's unfamiliar with the underlying proceedings and facts is inefficient. It's also burdensome on both parties to drag the same parties into another court and incur additional expenses and undue delay to try and get these same fees resolved. If the contract is complicated, as you said, the court can exercise their discretion. Here, the petitioner wasn't even afforded that opportunity. This court has already held, as I mentioned, that costs under the meaning of the 508 statute encompass expert fees. So expert fees are absolutely recoverable under this statute. The question is whether 508 limits who can bring this action, and it does not. The plain language of 508, the first sentence of Section A, states that a court, from time to time after due notice and hearing, after considering financial resources, may order any party to pay a reasonable amount of his own or the other party's costs and fees. So this language is limiting the fees to those incurred by either party. It's also placing certain qualifications that the court consider, whether there was due notice and hearing, what the financial resources are, and the reasonableness. But there is no limitation on who can actually bring the fee petition. Of course, we have this Pell case that talks about what the other party means. Yes, Your Honor, and Pell is completely distinguishable here. While there are certain sound bites that sound like they're excluding all third-party interveners, the opinion in detail focuses on every section of 508 and how it relates to the two spouses. The overall purpose of 508 was to reduce the disparity in funds between the two parties. And so every section that the court in Pell addressed were relating, were focusing, the court was pointing to the fact that the fees were for one spouse, incurred by one spouse or the other, and the fees were meant to be either contributed from one or the other or owed by one or the other. But basically that a third-party non-spouse who had incurred fees cannot recover under 508. And that is not what petitioner is asking for here. The fees at issue here were incurred by Mr. Conlin, a spouse, a party to the dissolution. And Mr. Conlin chose not to pay those fees, and the expert is entitled to recover those fees. And so the expert is seeking recovery under the statute that specifically allows for that. If the trial judge was correct that 508 doesn't provide for authority to entertain such a petition, this comes very close to a statement that the trial court did not have subject matter jurisdiction to do so. Would you agree with that statement or not? I would agree that that is what the trial court was grappling with. I think the trial court did not understand why the court had the power to rule on such a motion for a former expert. But the trial court, I believe, the trial court had misinterpreted the 508 statute. And so even if the parties did not contest the intervention, and even though the trial court granted costs or fees lacking subject matter jurisdiction, the judgment would be void. I may have misunderstood Your Honor's question. I do believe the trial court thought they do not have the jurisdiction to hear this, but that is not a correct thought. Based on the trial court's interpretation of the statute, the trial court did reject the petition and did deny the action. But should this court agree with the petitioner that an expert can bring an action under this 508, the trial court's concerns about subject matter jurisdiction or the authority to rule over this power would be moot in light of this court's decision. And that's what we are asking you to do today. What advantage is there to, at this point in time, remanding it back to the trial court in divorce to hear this matter, rather than have this set to L or LM, whatever the appropriate venue for contract claims are? Well, Your Honor, even at this time, even if you're to remand it, the trial court is still the best situated to handle and determine the reasonableness of the fees. The trial court is familiar with the parties, all of the facts, and... So I gather by what you're saying that you're not demanding a jury trial on the claim? No, Your Honor. Okay. What if you were? Or what if another party, you know, who has the right to intervene and seek their fees under contract theory, quantum merit theory, they have the right to have a jury trial, wouldn't they? They do. I'm not familiar, and I believe what the petitioner here will be doing is bringing in the action to the dissolution as it currently stands. You know, I don't know that there would be a jury trial for the dissolution. That is a determination that the petitioner, though, is entitled to make, right? So if the petitioner would like to bring this petition before the dissolution court, however it stands, whether it's just the judge, that is a decision that the petitioner should be entitled to make because the 508 statute affords the expert this right. Did I answer your question, Your Honor? Yeah. There's no jury boxes in those rooms. They'd have to go get another court order. Right. So if a petitioner wants a jury. I don't know what case that was. Well, if the petitioner would like to be heard before a jury, they would probably opt not to bring this petition in the dissolution proceeding. The point is what this court even stated, the purpose of the 508 statute, was to promote judicial economy. It was to streamline these matters, and the court recognized in Ray Marriage of Balzer that fee requests are not independent from the overall dissolution proceedings. Even here, the expert services were providing valuation services about properties that were directly at dispute in this dissolution proceeding. And so where there is already a judge that knows the facts, and the parties are already present, it makes more sense, and it is more efficient, and it is more sensible to at least permit the attorney or the expert in this case to bring those kinds of fee disputes before that same judge. Then there are plenty of factors that the judge can look at under their discretion to determine whether or not they're going to award those fees. But here, the petitioner wasn't even afforded that opportunity. They weren't able to present their case because the trial court misinterpreted the statute and erroneously believed that she did not have the power to hear this. And that is what we are seeking to remedy at this point. The petitioner is an injured party who is owed these expert fees. These expert fees are recoverable under the statute, as this court has already held. There is nothing in the plain language of the statute that limits who can recover or seek the recovery of otherwise recoverable fees. And so allowing the petitioner its day in court to present its motion in a proceeding where all relevant parties are already present in front of the judge who is already knowledgeable about all of the facts is both just and efficient, and furthers the legislature's, in this court, stated intent and purpose. Would it be correct to say that the trial court never said anything similar or substantially similar to, even if I had the ability to decide whether or not this should be heard in divorce court, I wouldn't do it? Your Honor, had the trial court put that in the order, we would not be standing here today because that is not what happened. The trial court's specific language was that the court I'm talking about what the language was if it were contained in a transcript of the hearings that were involved with the first and the second considerations. Yes, Your Honor. If the trial court said, I don't want to hear it for the X, Y, and Z reasons, that would be within the trial court's discretion. But they would have to give those X, Y, and Z reasons. Or at least the petitioner would have been afforded the chance to present it, and then the trial court could have said, no, for these reasons, I'm not going to hear it or I'm not going to grant these fees. That would be at least granting the petitioner a foot in the door. Here, that is not what happened. Here, the trial court did not want to hear why the expert was even seeking fees under this statute because she didn't believe she had the power to do so. So the answer is, it doesn't exist, what I asked. Or what I asked doesn't exist. If you were asking for a hearing transcript, that does not exist. No, what I'm asking is, was there any representation made by the trial judge at any time during the proceedings that may or may not be contained in a transcript that is or isn't in front of us that indicated that had he decided to exercise his discretion, he would have denied intervention? May I see my time is up? May I answer your question? Pardon? I see my time is up. May I answer your question? Yes, you may. If there was anything in the record that said the trial court did not want to grant fees, then the trial court would have addressed the petition on its merits, and then we would not be appealing that today. Just so I'm clear, are you asking us to order intervention, or are you asking us to order remand so the trial court can consider intervention? We are asking you to order remand by stating that an expert can bring a fee petition under 508 so that the trial court can consider intervention. Thank you. Thank you, Your Honor. We don't have a chance to make rebuttal, or an opportunity to make rebuttal. We don't believe in chance here. Mr. DiDomenico? Justice McClaren, name please, the court. Again, Michael DiDomenico for Jim Conlin. I want to start off with something Justice Burke said about the order that's on appeal. This is not, in my estimation, a standing issue. It's not a subject manager's diction issue. This judge did her job and denied the motion to intervene on the merits and then denied the motion to reconsider on the merits. The language in the order about 508 is the judge doing her job of looking at the intervention statute, which requires the court to look and consider whether the statute confers an unconditional right to intervene or a conditional right to intervene. Your examples, Justice Burke, on the former were right on point. There certainly is no unconditional right in a 508 for a third party to intervene. In my reading of 508, there is neither, nor is there a conditional right to intervene. This idea that the other side is playing off that costs include expert fees, well, sure. That's when attorneys, on behalf of their spouse clients, petition the court for expert costs in the divorce case. It doesn't work the other way because the statute doesn't say anything about third parties. The statute talks about attorneys. The statute talks about spouses. The statute gives both of those parties, spouses and lawyers, rights against each other. Nothing in 508 gives anybody else the ability to come into the case. Well, the statute doesn't really talk about spouses. I mean, it used to, I think before 90-something or whatever it was, in 1991 it talked about spouses. Now it talks about parties and opposing parties. Correct. That's what I mean by spouses or parties. Are you saying, I don't know what you argued below. Again, we don't have a transcript of that hearing. But are you saying that the trial court, if it decided that it wanted to hear this petition, it couldn't? If it decided that it couldn't hear this petition? No, no, if it decided that it wanted to. If the trial court said, you know what, I'm going to hear this, I'm going to hear this claim. I don't think there's any question the court would have subject matter jurisdiction. It's a justiciable issue. These people have a contract signed by my guy and an invoice. And they say they owe him money. I think that satisfies the standing requirement. It doesn't satisfy the intervention statute because 508 doesn't confer a conditional or an unconditional right to intervene. And for the reasons that the Pell Court stated about the legislative intent behind 508. This court's cases on intervention make clear that this is a discretionary call by the trial court. This is reviewed for an abuse of discretion. Picking up on your point about the implications of reversing here. You know, there's lots of costs associated with divorce cases, right? There's people like this who get hired to value businesses. There's now people that draft retirement account orders. There's people that copy my exhibit books. There's court reporters. You know, these people showed up, the blue capital showed up with a signed contract and a bill. Okay? If this is an abuse of discretion, I would suggest to you that that would eviscerate any discretion that the circuit court has. Because anybody with costs is going to show up with those two things. And if this is an abuse of discretion, I don't know what would be. Again, if the trial court exercised its discretion, I think what the argument is that the trial court here did not exercise its discretion. Which would then be an abuse of discretion by failing to exercise its discretion. I think that's belied by the record. The order reads, motion to intervene denied. I don't know what else you would consider other than that's a merits denial on their request to intervene. There's a difference between allowing it and hearing the merits. You have to allow intervention first. She denied it on the merits. They came in again. She denied it again. What about the facts that are alleged in the motion to reconsider on page 2? Help me out. Well, I mean, the page 2 of the motion to reconsider says that goes into somewhat two paragraphs of detail on what happened on April 4, 2017 hearing. You know, basically, the attorney said this. There was no objection. The trial court did that. I mean, how are we supposed to consider those when we don't have the record? I think you invoke what this court always does when I don't give you a record. And that's Felch v. O'Brien. And that's the epaulant's burden to provide the court with a sufficient record. If they are asserting something that is not, that is belied by what is in the record, if they think a transcript would help them out, then that's on them. And they didn't do that. I wasn't there. I wasn't at this particular hearing. So if I was, I would tell you what happened. But I wasn't. I know what the order says. It's a merits denial. I know what the motion to reconsider order says. That's a merits denial. This wasn't a standing issue or a jurisdictional issue. This was the judge looking at the intervention statute and looking at 508, which is what she was charged to do, any judge is charged to do when presented with a motion to intervene. Any further questions? Thank you. Thank you. Ms. Littell. Your Honor, there's a few quick points. First, there is no record here because all that is being asked is that you will interpret the divorce statute. It's an interpretation of the law, and the record is not necessary here. That being said, the order specifically reads that as a matter of law, an expert cannot petition for fees under 508. That is the part of the order that we have disputed, and that is all that we are asking this court to consider. As a matter of law, does this court believe that an expert cannot petition for fees under 508? The respondent petitioner here says that the statute, that those fees are recoverable, but that it must be by an attorney. As we expressed before, there is nothing in the law that limits the request to be by an attorney. The focus is on fees incurred by the parties of the dissolution. And expert fees incurred by Mr. Conlin are absolutely recoverable under the statute. Respondent does not dispute that. Respondent simply says that even though they are recoverable, the recovery is limited to an attorney seeking those fees and not an expert. And petitioner contends that there is nothing in the language of the statute that can be read to be that way. And finally, Your Honor, I know there are many people in the courtroom in the dissolution, and the court may still decide that it is not worth the court's time or not appropriate to be heard there. But once again, the petitioner's request here is that they are afforded the opportunity to present their case to the court, and the court decide, I don't want to hear this for these reasons, as opposed to, I cannot hear this because of the statute. And the language in the order clearly indicates that the court below believed she did not have the power to hear a petition from a former expert. That is what we would ask this court to reverse. Thank you very much. Thank you. Court's adjourned. There are no other cases on the court call.